# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| URVAN ANDERSON | Case Number: 2:13-cr-120-APG-GWF-4 |
| | USM Number: 75570-051 |
| | CHRISTOPHER ORAM |
| | Defendant's Attorney |

**Date of Original Judgment:** 9/18/2014
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
X pleaded guilty to count(s)   Two of the Superseding Information
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 1028A(a)(1) and (c)(4); 2 | Aggravated Identity Theft; Aiding and Abetting | 3/12/2009 | Two |

The defendant is sentenced as provided in pages 2  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
X Count(s)   All Remaining Counts   ☐ is  X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 18, 2014
Date of Imposition of Judgment

*(signature)*
Signature of Judge

ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

October 20, 2014
Date

DEFENDANT: URVAN ANDERSON
CASE NUMBER: 2:13-cr-120-APG-GWF-4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **24 Months (consecutive to any other prison sentence that may be imposed, if any)**

X  The court makes the following recommendations to the Bureau of Prisons:
In order for the Defendant be located close to family, the Court recommends he be able to serve his term of incarceration in a facility located as close as possible to San Francisco, California.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

  ☐  at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐  before 2 p.m. on _____ .

  ☐  as notified by the United States Marshal.

  ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release  (NOTE: Identify Changes with Asterisks)

Case 2:13-cr-00120-APG-GWF   Document 210   Filed 10/20/14   Page 3 of 9

Judgment—Page __3__ of __6__

DEFENDANT: URVAN ANDERSON
CASE NUMBER: 2:13-cr-120-APG-GWF-4

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **1 YEAR**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release (NOTE: Identify Changes with Asterisks (*))

Case 2:13-cr-00120-APG-GWF   Document 210   Filed 10/20/14   Page 4 of 9

Judgment—Page 4 of 6

DEFENDANT: URVAN ANDERSON
CASE NUMBER: 2:13-cr-120-APG-GWF-4

## SPECIAL CONDITIONS OF SUPERVISION

1) You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2) To ensure compliance with all conditions of release, you shall submit to the search of your person, and any property, residence, business or automobile under your control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant at a reasonable time and in a reasonable manner. Provided, however, you shall be required to submit to any search only if the probation officer has reasonable suspicion to believe you have violated a condition or conditions of release. You shall also inform any other residents that the premises may be subject to a search pursuant to this condition.

3) You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

4) You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

5) You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

6) You shall provide the probation officer with accurate information regarding your entire computer system, including all related digital devices with memory and all passwords and internet service providers; you shall allow the installation of any software/hardware on your computer by the probation officer, and you shall abide by all rules of the Computer Restriction and Monitoring Programs Agreement.

7) You shall not have contact, directly or indirectly, associate with, nor be within 500 feet of any co-defendant in this case or any defendant in related cases 2:12-cr-04-APG-GWF, 2:12-cr-83-APG-GWF and 2:12-cr-84-APG-GWF, their residence or business, and if confronted by any co-defendant or any defendant in the related cases in a public place, you shall immediately remove yourself from the area.

*Note: A written copy of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.*

## ACKNOWLEDGMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
                        Defendant                                                   Date


            _____     _____
            U.S. Probation/Designated Witness                        Date

AO 245C (Rev. 09/11) Case 2:13-cr-00120-APG-GWF Document 210 Filed 10/20/14 Page 5 of 9
Sheet 5 — Criminal Monetary Penalties (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 6

DEFENDANT: URVAN ANDERSON
CASE NUMBER: 2:13-cr-120-APG-GWF-4

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ WAIVED | $ 496,567.38* |

*due jointly and severally with co-defendants--see page 6*

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| *(See Attached Payee List)* |  | $496,567.38 |  |
| **TOTALS** | $ | $ 496,567.38 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

X  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments (NOTE: Identify Changes with Asterisks

Case 2:13-cr-00120-APG-GWF  Document 210  Filed 10/20/14  Page 6 of 9

Judgment — Page 6 of 6

DEFENDANT: URVAN ANDERSON
CASE NUMBER: 2:13-cr-120-APG-GWF-4

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** [X] Lump sum payment of $ __496, 667.38__ due immediately, balance due

    [ ] not later than _____ , or
    [X] in accordance with [ ] C, [ ] D, [ ] E, or [X] F below; or

**B** [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

**C** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [X] Special instructions regarding the payment of criminal monetary penalties:

Defendant shall pay restitution in the amount of $496, 567.38* jointly and severally with all co-defendants in this case with interest to begin accruing after the 15th day from entry of judgment. It is recommended that any unpaid balance shall be paid at a rate of not less than $25.00 per quarter during incarceration, and then 10% of any gross income earned, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[X] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.
Defendant shall pay restitution in the total amount of $496,567.38, due jointly and severally with all co-defendants in this case (2:13-cr-120-APG-GWF).

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**U.S. v. URVAN ADNERSON**
**2:13-cr-00120-APG-GWF**
<u>**Restitution List**</u>

| | |
|---|---|
| American Express<br>World Financial Center<br>200 Vesey Street<br>New York, NY 10285 | $117,391.85 |
| Discover Financial Service<br>c/o Michael Cassell<br>PO Box 370685<br>Las Vegas, NV 89137 | $117,391.84 |
| MasterCard<br>2000 Purchase Street<br>Purchase, NY 10577 | $117,391.84 |
| Visa Inc.<br>900 Metro Center Blvd<br>Foster City, CA 94404 | $117,391.85 |
| TOTAL: | $496,567.38 |

**Joint & Several** with defendants in case no. <u>2:13-cr-00120-APG-GWF</u> only (Michael San Clemente, Daisy Martinez, Irina Sanford, Feliks Balon)

| | United States v Roman Zolotarev, et al. 2:12-cr-00004-APG-GWF | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | QASIR MUKHTAR | DAVID CAMEZ | MICHAEL LOFTON | CAMERON HARRISON | SERGEI LITVINENKO | FREDERICK THOMAS | MAKYL HARRERTY | ALEXANDER KOSTYUKOV |
| American ExpressWorld Financial Center 200 Vesey Street New York, NY 10285 | $3,299,210.90 | $3,299,210.90 | $3,299,210.90 | $3,299,210.90 | $3,299,210.90 | $3,299,210.90 | $3,299,210.90 | $3,299,210.90 |
| Discover Financial Service c/o Michael Cassell PO Box 370685 Las Vegas, NV 89137 | $2,202,429.00 | $2,202,429.00 | $1,903,143.50 | $2,202,429.00 | $2,202,429.00 | $1,903,143.50 | $1,903,143.50 | $2,202,429.00 |
| MasterCard 2000 Purchase Street Purchase, NY 10577 | $15,496,221.00 | $15,496,221.00 | $15,477,464.00 | $15,496,221.00 | $15,496,221.00 | $15,477,464.00 | $15,477,464.00 | $15,496,221.00 |
| Visa Inc. 900 Metro Center Blvd Foster City, CA 94404 | $29,895,305.45 | $29,895,305.45 | $29,895,305.05 | $29,895,305.45 | $29,895,305.45 | $29,895,305.05 | $29,895,305.05 | $29,895,305.45 |
| Total | $50,893,166.35 | $50,893,166.35 | $50,575,123.45 | $50,893,166.35 | $50,893,166.35 | $50,575,123.45 | $50,575,123.45 | $50,893,166.35 |

| | United States v Omar Butt, et al. 2:12-cr-00083-APG-GWF | | | |
|---|---|---|---|---|
| | JASON MACLASKEY | BILLY STEFFEY | OMAR BUTT | |
| American ExpressWorld Financial Center 200 Vesey Street New York, NY 10285 | $3,299,210.90 | $3,299,210.90 | $3,299,210.90 | |
| Discover Financial Service c/o Michael Cassell PO Box 370685 Las Vegas, NV 89137 | $1,903,143.50 | $2,202,429.00 | $1,903,143.50 | |
| OSU Federal Credit Union PO Box 306 Corvallis, OR 97339-0306 | | $155,896.69 | | |
| MasterCard 2000 Purchase Street Purchase, NY 10577 | $15,477,464.00 | $15,496,221.00 | $15,477,464.00 | |
| Visa Inc. 900 Metro Center Blvd Foster City, CA 94404 | $29,895,305.05 | $29,895,305.45 | $29,895,305.05 | |
| Total | $50,575,123.45 | $51,049,063.04 | $50,575,123.45 | |

| | United States v Thomas Lamb, et al. 2:12-cr-00084-APG-GWF | | | |
|---|---|---|---|---|
| | **JONATHAN VERGNETTI** | **ROGER GRODESKY** | | |
| American ExpressWorld Financial Center 200 Vesey Street New York, NY 10285 | $3,299,210.90 | $3,299,210.90 | | |
| Discover Financial Service c/o Michael Cassell PO Box 370685 Las Vegas, NV 89137 | $1,903,143.50 | $1,903,143.50 | | |
| MasterCard 2000 Purchase Street Purchase, NY 10577 | $15,477,464.00 | $15,477,464.00 | | |
| Visa Inc. 900 Metro Center Blvd Foster City, CA 94404 | $29,895,305.05 | $29,895,305.05 | | |
| **Total** | **$50,575,123.45** | **$50,575,123.45** | | |

| | United States v Michael San Clemente, et al. 2:13-cr-00120-APG-GWF | | | |
|---|---|---|---|---|
| | **MICHAEL SAN CLEMENTE** | **DAISY MARTINEZ** | **URVAN ANDERSON** | |
| American ExpressWorld Financial Center 200 Vesey Street New York, NY 10285 | $3,299,210.90 | $3,299,210.90 | $117,391.85 | |
| Discover Financial Service c/o Michael Cassell PO Box 370685 Las Vegas, NV 89137 | $1,901,721.40 | $1,901,721.40 | $117,391.84 | |
| MasterCard 2000 Purchase Street Purchase, NY 10577 | $15,478,174.85 | $15,478,174.85 | $117,391.84 | |
| Visa Inc. 900 Metro Center Blvd Foster City, CA 94404 | $29,896,016.30 | $29,896,016.30 | $117,391.85 | |
| **Total** | **$50,575,123.45** | **$50,575,123.45** | **$469,567.38** | |

URVAN ANDERSON AMOUNT JOINT & SEVERAL WITH DEFENDANTS IN CASE NO. 2:13-CR-00120-APG-GWF ONLY